**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DAMON LLOYD GOFFE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-1277 (EGS) |
| ) | |
| WILLARD C. SMITH, et al.,[1] ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

On July 10, 2009, plaintiff Damon Lloyd Goffe, proceeding *pro se*, filed a fanciful complaint alleging that "[his] life [has] been recorded and broadcast[] since 2003 via satellite/cable network Bravo/Bravo 2, whose parent company is NBC/Universal, as well as the internet under the title 'the will smith show' and previously 'real world'" and "'the will smith show on the radio' [which is] broadcast[] live 24 hours a day on XM satellite." Compl. ¶ (a). Because he is the "sole owner of his life and events," plaintiff alleges that "[t]he illegal surveillance presented as a reality TV show under title 'the will smith show' and previously 'real world' shall be construed as seizure because the ordinary and proper manner in which trade is conducted did not meet accepted standards current in this industry."

---

[1] In his motion to dismiss, defendant Smith indicates that "[p]laintiff incorrectly spelled [d]efendant's name as 'William C. Smith,'" and states that defendant's name is "Willard C. Smith." *See* Docket No. 6 at 1 n.1. Based on these representations, the Court has revised the case caption to reflect the proper spelling of defendant Smith's name.

Compl. ¶¶ (d), (f).  "Plaintiff is seeking remedies to injuries under [17 U.S.C. § 201(e)]"[2] in the amount of approximately "1.2 Trillion dollars." Compl. ¶ (e).

On July 31, 2009, defendants NBC Universal and Bravo Media ("NBC/Bravo") filed a motion to dismiss plaintiff's complaint, *see* Docket No. 4, as did defendant Willard C. Smith ("Smith") on August 3, 2009, s*ee* Docket No. 6.  The Court subsequently advised plaintiff of his obligations to respond to these potentially dispositive motions pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988).  *See* Docket No. 7.  Plaintiff then filed a pleading captioned as a motion for temporary restraining order and expedited summary judgment, Docket No. 8,[3] to which both defendants responded.  These motions are ripe

---

[2] 17 U.S.C. § 201(e) states: "When an individual author's ownership of a copyright, or of any of the exclusive rights under a copyright, has not previously been transferred voluntarily by that individual author, no action by any governmental body or other official or organization purporting to seize, expropriate, transfer, or exercise rights of ownership with respect to the copyright, or any of the exclusive rights under a copyright, shall be given effect under this title, except as provided under title 11."

[3] In his motion for temporary restraining order and expedited summary judgment, plaintiff includes additional factual allegations not included in his complaint. For instance, plaintiff alleges that he is (i) "harassed continually . . . by an elaborate speaker network in public domain and in apartment adjacent and above"; (ii) "[p]rohibited from attending scholarly studies and attaining a diploma"; and (iii) "prohibited from processing documents to be presented to the Court." Def.'s Mot. at 2.  He also claims that his cell phone calls are relayed to a call center "organized by NBC/Universal."  *See* Pl.'s Mot. at 2 and Pl.'s Ex. J.  In support of his motion, defendant submitted photographs of mirrors covered with garbage bags, which plaintiff explains are "[p]hotographs of mirror cameras on in residence with plastic bag over it to demonstrate electrical current coursing through."  Pl.'s Ex. B. Plaintiff also submitted an envelope from the Clerk's Office of this

for determination by the Court.  Upon consideration of the motions, and the responses thereto, the applicable law, and the entire record, the Court **GRANTS** defendants' motions to dismiss, and **DENIES** plaintiff's motion for temporary restraining order and expedited summary judgment for lack of subject matter jurisdiction.

## Analysis

Plaintiff's copyright infringement action must be dismissed for lack of subject matter jurisdiction.  "No civil action for infringement of the copyright in any United States shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title [or] . . . where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused[.]"  17 U.S.C. § 411(a).  Because plaintiff does not allege that he complied with the registration provisions, this Court lacks subject matter jurisdiction over his copyright infringement claim. *See Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 40 (D.D.C. 2007) (explaining that an application for registration of a copyright

---

Court addressed to plaintiff, which plaintiff alleges was sent from actress Angelina Jolie. *See* Pl.'s Ex. H ("Envelope not originating from U.S. District Court for District of Colubmia; handwriting is not originating from Clerk of Court but an actress Angelina Jolie.").  In addition, plaintiff submitted a dismissal Order signed by Chief Judge Lamberth in a case that plaintiff filed in this Court against Oprah Winfrey (Case No. 09-1438), which plaintiff alleges is fictitious. *See* Pl.'s Ex. I ("Fictitious documents of dismissal of related case still pending to proceed in forma pauperus: (a) signature of judge fictitious; (b) fictitious case number.").  Despite plaintiff's assertions to the contrary, that action was dismissed on July 21, 2009.

with the United States Copyright Office is a condition to filing an infringement action (citing 2-7 Nimmer on Copyright § 7.16)); *see also, e.g.*, *Goffe v. Winfrey*, No. 09-1438, Memorandum Opinion (D.D.C. July 21, 2009) (dismissing action for failure to allege that plaintiff complied with the registration provisions of 17 U.S.C. § 411(a)).[4]

Accordingly, defendants' motions to dismiss plaintiff's complaint are **GRANTED**, and plaintiff's motion for temporary restraining order and expedited summary judgment is **DENIED** for lack of subject matter

---

[4] The Court cautions plaintiff that his complaint could also be properly dismissed as "frivolous" pursuant to Federal Rule of Civil Procedure 12(b)(1), and advises plaintiff against bringing such actions in the future.  "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536-37,(1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir 1994) ("[J]urisdiction is lacking when the complaint is 'patently insubstantial,' presenting no federal question suitable for decision.").  A complaint is insubstantial if it asserts an "essentially fictitious" claim such as a "bizarre conspiracy theor[y]." *Best*, 39 F.3d at 330; *see also, e.g.*, *Tooley v. Napolitano*, No. 07-5080, 2009 U.S. App. LEXIS 25175 (Nov. 17, 2009) (affirming dismissal of an action for lack of subject matter jurisdiction where defendant alleged that he was the victim of a massive scheme of government surveillance; concluding that the plaintiff's surveillance allegations were a "combination of sloth, fanaticism, inanity and technical genius . . . not realistically distinguishable from allegations of 'little green men' of the sort that Justice Souter recognized in *Iqbal* as properly dismissed on the pleadings" (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1959 (2009)).  Plaintiff's complaint and motion for temporary restraining order present just such a bizarre conspiracy theory. *See supra* n.3.  Indeed, a court in the Southern District of New York dismissed a similar lawsuit filed by plaintiff against "William C. Smith," "Bravo Network" and "NBC/Universal" as "frivolous and fail[ing] to state claims on which relief may be granted." *See Goffe v. Smith*, No. 08-9580-HB (S.D.N.Y. Nov. 7, 2008), *aff'd Goffe v. Smith*, No. 08-6064 (2d Cir. May 4, 2009) (dismissing the case for failing to present "an arguable basis in law or fact").

jurisdiction.  An appropriate Order accompanies this Memorandum Opinion.

    **SO ORDERED.**

**Signed:**    **EMMET G. SULLIVAN**
              **United States District Judge**
              **December 11, 2009**

**Notice to:**
Damon Lloyd Goffe
2420 Morris Avenue
Apt. 4L
Bronx, NY 10468